# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MONICA M. STEPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-00606 |
| ) | Judge Trauger/ Frensley |
| GATEWAY MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's Motion For Partial Dismissal, filed April 25, 2017, which alleges that the pro se Plaintiff's Complaint fails to state a claim upon which relief can be granted with regard to her claim that Defendant discriminated against her on the basis of her race, in violation of Title VII of the Civil Rights Act of 1964. Docket No. 11. Defendant argues that Plaintiff's Title VII claim should therefore be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). *Id.* at 1. Defendant has also filed a supporting Memorandum of Law. Docket No. 12. Although Plaintiff has not filed a response to the Motion, she has mailed a letter to the Clerk of Court and opposing counsel, which the undersigned will construe as her response to the instant Motion.[1] Docket No. 13.

Defendant argues that Plaintiff's Title VII claim "fails to state a plausible claim for relief." Docket No. 12, p. 2. Specifically, Defendant argues that although Plaintiff checked the box marked "race" (as well as "disability or perceived disability") on her Complaint where required to state the characteristic(s) upon which Defendant allegedly discriminated against her,

---

[1] Although Plaintiff's letter was received by the Clerk of Court on May 23, 2017, outside the May 12, 2017 time limit for a response to Defendant's Motion, the undersigned will nevertheless consider Plaintiff's letter due to her status as a pro se litigant.

Plaintiff does not provide any supporting factual allegations regarding such a claim. *Id.* at 2-5. Defendant argues that, on the contrary, Plaintiff's narrative only refers to her knee replacement and subsequent alleged lack of accommodation by Defendant, rather than to any facts supporting a Title VII race claim. *Id.* at 3. Defendant contends that "[a]bsolutely nothing about race is mentioned." *Id.* Defendant further argues that Plaintiff's pleading with regard to this claim is so inadequate as to not allow Defendant or the Court to ascertain the nature of the claim asserted or to give Defendant fair notice of the grounds upon which the claim rests. *Id.* at 4, *citing Coburn v. Cargill, Inc.*, No. 08-2055-STA-dkv, 2009 WL 890059, at *3 (W.D. Tenn. Mar. 26, 2009).

Plaintiff's letter to the Clerk of Court and opposing counsel responds that:

> In response to your letter of April 25, 2017 and your motion for dismissal, I certainly would disagree with your assessment. From the determination from the EEOC it was concluded that Gateway Medical Center was fully aware of my disability and hired other employees to fill my position as CAN that I could have performed and I was discharged. The EEOC further concluded Gateway Medical Center failed to provide me with reasonable accommodations.

Docket No. 13, p. 1. Plaintiff's letter concludes by requesting that the Court "compel Gateway Medical Center to a conference and a possible resolution to this matter, and the motion to dismiss be denied." *Id.*

**1.    Motions to Dismiss Under F. R. Civ. Pro. 12(b)(6)**

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Supreme Court has clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'merely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.*, *quoting Twombly*, 550 U.S. at 557 (internal brackets omitted).

When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. However, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "'[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted), and mere recitation of the elements of a cause of action "or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), it does not have to accept unsupported legal conclusions, *Iqbal*, 556 U.S. at 678.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v.*

*Nat'l Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

**2.     Plaintiff's Title VII Claims of Race Discrimination**

Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination by employers against individuals based on race, color, sex, religion, or national origin. 42 U.S.C. § 2000(e)-2(a)(1). A plaintiff may establish a discrimination claim by introducing direct evidence of discrimination or by "proving circumstantial evidence which would support an inference of discrimination." *Johnson v. Univ. of Cincinnati*, 215 F. 3d 561, 572 (6th Cir. 2000). In order to establish a prima facie case of discrimination under the circumstantial evidence approach, a plaintiff must show:

> 1) he is a member of a protected class; 2) he was qualified for his job and performed it satisfactorily; 3) despite his qualifications and performance, he suffered an adverse employment action; and 4) that he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class.

*Id.* at 572-73.

In this case, Plaintiff filed a form Complaint titled "Complaint for Employment Discrimination." Docket No. 1. This form consists of blanks to be filled in by the Plaintiff in order to provide the information essential to this type of complaint. Section II of the form provides Plaintiff an opportunity to indicate, by marking a specific category or categories, the reason Plaintiff alleges was the basis of the discrimination she experienced. *Id.* at 3. Plaintiff marked two of the categories, "Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin);" and "Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117." *Id.* Plaintiff also checked the box marked "race" later in the Complaint, in Section III D, where the prompt reads "Defendant(s) discriminated against me based on my (*check all that apply*)." *Id.* at 4. In the same section, Plaintiff checked the box marked "disability or perceived disability," and specified, "disability with my knee." *Id.*

Despite checking two boxes marked "race" in her Complaint, Plaintiff does not provide any factual support for a Title VII race discrimination claim. In Section III A, where Plaintiff is asked to describe "[t]he discriminatory conduct of which I complain in this action includes (*check all that apply)*," Plaintiff checked boxes marked "Termination of my employment" and "Failure to accommodate my disability." *Id.* When asked to complete the prompt "The facts of my case are as follows," Plaintiff wrote, "I was required to have a knee replacement in July 2014 and requested reasonable accommodations of Gateway and was refused." *Id.* at 4-5. In Section V, where Plaintiff is asked to describe the relief that she seeks from the Court, Plaintiff wrote, "lost wages, medical expenses, punitive damages of Gateway willful failure to accommodate my disability." *Id.* at 5-6. The Complaint does not allege that Plaintiff is a member of any protected class, or describe discrimination related to any such membership, or allege facts that would

establish that any of the other elements of a prima facie case of discrimination under Title VII are present here. *See* Docket No. 1. Thus, Plaintiff's Complaint fails to state a claim upon which relief may be granted as to her claim of discrimination under Title VII.

Plaintiff's letter responding to the instant Motion further clarifies her position with regard to this litigation, which is that "Gateway Medical Center was fully aware of my disability and hired other employees to fill my position as CAN that I could have performed and I was discharged." Docket No. 13, p. 1. Nowhere in Plaintiff's letter does she mention her Title VII race claim, or any facts that might support such a claim. *Id.*

For the foregoing reasons, the undersigned recommends that Defendant's Motion for Partial Dismissal (Docket No. 11) be GRANTED, and that an Order issue dismissing Plaintiff's Title VII claim with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge